# CITY OF BUFFALO
# DEPARTMENT OF LAW



# EXHIBIT
# A

Case 1:21-cv-00388-JLS-HKS   Document 1-1   Filed 03/12/21   Page 2 of 23

STATE OF NEW YORK
SUPREME COURT:   COUNTY OF ERIE

---

HOMESTEAD REPAIR & RENOVATION, INC.,
Individually and On Behalf of
All Others Similarly Situated

**SUMMONS**

Index No.: _____

Plaintiff,

v.

CITY OF BUFFALO,

Defendant.

---

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to appear in this action and are required to serve an Answer to the annexed Complaint on Plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the date of service, if this Summons is personally delivered to you within the State of New York, or within thirty (30) days after service is complete, if this Summons is not personally delivered to you within the State of New York.

If you fail to appear, judgment will be taken against you for the relief demanded in the annexed Complaint, with costs and disbursement of this action.

Erie County is designated as the place of trial on the basis of the business address of the Plaintiff.

Dated:      February 12, 2021
            Amherst, New York

HOGANWILLIG, PLLC

By:   _____

Edward P. Yankelunas, Esq.
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
Telephone: (716) 636-7600

{H2901504.1}

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

HOMESTEAD REPAIR & RENOVATION, INC.,
Individually and On Behalf of
All Others Similarly Situated

                                 Plaintiff,

v.

CITY OF BUFFALO,

                                 Defendant.

**CLASS ACTION
COMPLAINT**

Index No.: _____

---

        Plaintiff Homestead Repair & Renovation, Inc. ("Homestead"), individually and on behalf of all others similarly situated, by its attorneys HoganWillig, PLLC, for its Class Action Complaint herein alleges as follows:

## NATURE OF THE CASE

       **1.**     This is a class action brought pursuant to New York CPLR §§ 901 *et seq*, seeking a declaration that the City of Buffalo's ("City") use of a photo speed violation monitoring system in an area that does not meet the statutory definition of a "school speed zone" under Section 1180-d of the New York's Vehicle and Traffic law ("VTL") and at times not authorized by the aforesaid statute, and the issuance of Notices of Violation pursuant to Section 1180 of New York's Vehicle and Traffic Law ("VTL") for alleged violations of the posted speed limits in the aforesaid area and times is unauthorized and illegal. A judicial determination is sought that the monies paid in response to the aforesaid Notices of Violation have been improperly received and retained by the City and must be returned to the Plaintiff and Class members described herein and a permanent injunction is requested enjoining the City's unauthorized use of the photo speed zone monitoring

Case 1:21-cv-00388-JLS-HKS   Document 1-1   Filed 03/12/21   Page 4 of 23

system described herein. A determination is also sought that the imposition of vicarious liability relative to the aforesaid Notices of Violation on owners of vehicles being operated by persons other than the vehicle owners is unconstitutional.

## PARTIES

2.      Plaintiff Homestead is a corporation organized and existing under the laws of the State of New York with its principal offices located at 2410 North Forest Road, Suite 301, Amherst, New York 14068.

3.      Upon information and belief, the Defendant City of Buffalo is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at 65 Niagara Square, Buffalo, New York.

## JURISDICTION

4.      The Court is vested with original jurisdiction of the City, as a municipal corporation within the State of New York, pursuant to New York CPLR §§ 301, *et seq*.

## VENUE

5.      Venue for this action is proper in Erie County pursuant to New York CPLR § 503, because the Plaintiff's principal office is located in Erie County.

## STATEMENT OF FACTS

6.      Homestead is the owner of a vehicle with Vehicle Tag 191712ME (the "Vehicle").

7.      The City of Buffalo issued a Notice of Violation to Homestead referencing the "SCHOOL ZONE SAFETY PROGRAM". The Notice of Violation states that it was "generated" November 23, 2020.

{H2878010.1}

2

8.     The Notice of Violation depicts the Vehicle Tag in one photograph and depicts the Vehicle on a street in two additional photographs, listing the "Date and Time of Violation" as "11/17/20 @ 04:49 PM", the "Location of Violation" as "3125 Bailey Ave NB @ BPN Academy [Buffalo Promise Neighborhood Academy]", lists the "Camera ID" as "2019080017", lists the "Posted Speed" as "15 mph", and the "Vehicle Speed" as "38 mph", lists the "Violation Number" as "049.0005450921" and states that the "Amount Due" is "$50.00" and the "Due Date" is "12/23/2020".

9.     The Notice of Violation further states:

> Please take notice that the vehicle described and pictured herein was detected and recorded by a speed monitoring system exceeding the posted speed limit by at least 11 MPH in violation of Section 1180 of the NYS Vehicle & Traffic Law. The pictured vehicle was traveling the speed listed below at the place, date and time specified. Therefore, under New York State Law, Section 1180 of the Vehicle & Traffic Law, the registered owner(s) or lessee you are liable for the violation. Unless you request a hearing, a civil penalty in the amount of $50.00 must be paid by the due date shown on this notice.

10.     The $50.00 amount demanded in the Notice of Violation was paid. A copy of the Notice of Violation is attached hereto as **Exhibit "A"**.

## CLASS ACTION ALLEGATIONS

11.     The Plaintiff brings this action on behalf of itself and all other similarly situated Class members pursuant to New York CPLR §§ 901, *et seq* and seeks certification of the following Class: Any vehicle owners who were issued Notices of Violation and paid the fine demanded for alleged violations of the posted speed limit through the City's use of the photo speed violation monitoring system installed at Buffalo Promise Neighborhood Academy (hereinafter "BPN Academy") which is located in an area that does not meet the statutory definition under VTL § 1180-d of a "school speed

{H2876010.1}

3

Case 1:21-cv-00388-JLS-HKS Document 1-1 Filed 03/12/21 Page 6 of 23

zone" and was operated at times not authorized by the aforesaid statute. Certification will also be requested for a Subclass consisting of vehicle owners to whom Notices of Violation were issued vicariously when the owner's vehicle was detected by the photo speed violation monitoring system installed at the BPN Academy and the owner's vehicle was being operated by a person other than the owner.

12.    **Numerosity.** The Plaintiff does not yet know the size of the Class because that information is within the exclusive control of the City and discovery will be needed to determine the precise Class size. However, the following factors indicate that hundreds of vehicle owners could be members of the Class (perhaps more): (a) the population of the City of Buffalo (as of 2019) is 256,480 and the population of the Buffalo-Niagara metropolitan area (as of 2018) is 1,130,152, (b) VTL § 1180-d authorizes the City to install and use the photo speed violation monitoring system at issue in this action in twenty (20) school speed zones, (c) according to a Resolution of the Buffalo City Common Council entitled "Review and Refund of Invalid School Speed Zone Citations" attached as **Exhibit "B"**, the number of invalid citations issued by the City is so significant that the City Common Council resolved to request that the City refund the payments of fines.

13.    **Commonality and Predominance.** This action involves common questions or law and fact that predominate over any questions affecting individual Class members. These common questions include, but are not limited to:

a)    Whether by VTL § 1180-d the City of Buffalo was only authorized to operate photo speed violation monitoring systems in areas that meet the definition of a "school speed zone" under Section 1180-d of the VTL, and at times authorized by the aforesaid statute;

{H2878010.1}                                          4

b) Whether the City used the photo speed violation monitoring system to detect school speed zone violations in an area that does not constitute a school speed zone and at unauthorized times;

c) Whether the Notices of Violation issued in the above-referenced manner are illegal, void, and unenforceable;

d) Whether members of the Class were damaged by paying fines in response to Notices of Violation that were illegal, void, and unenforceable, as aforesaid, and the City is required to return those monies to the members of the Class; and

e) Whether a permanent injunction must be issued to bar the City's unauthorized use of the photo speed violation monitoring system.

14.    **Typicality.** The Plaintiff is a typical of member of the Class. The Plaintiff was issued a Notice of Violation and paid the fine demanded after a vehicle owned by the Plaintiff was detected by a photo speed violation monitoring system while driving over the posted speed limit (15 MPH) in an area that does not meet the definition of a "school speed zone" under Section 1180-d of the VTL and at a time not authorized by the aforesaid statute.

15.    **Adequacy.** The Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed to pursuing this matter to obtain relief for all members of the Class. The Plaintiff has no conflicts of interest with the Class and the Plaintiff has counsel competent and experienced in complex class action litigation. The Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the interests of the Class.

{H2878010 1}

5

16.    **Superiority.** Class action litigation is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The primary purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to the individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by the Plaintiff and the Class members may be relatively small compared to the burden and expense required to individually litigate their claims against the City and, therefore, individual litigation to redress the wrongful conduct of the City would be impracticable. Individual litigation by each Class member would also strain the Court system, create the potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the Court system. By contrast, the class action mechanism presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision. Furthermore, in addition to disclosure pursuant to New York CPLR Article 31, the identity of potential Class members can be ascertained by providing reasonable notice to the potential class members using recognized, court-approved notice dissemination methods such as publication in a local newspaper, U.S. Mail, internet postings and other similar media.

{H2878010 1}

6

## FIRST CAUSE OF ACTION

## DECLARATORY
## JUDGMENT

### (Illegal Notices of Violation)

17.     Plaintiffs repeat and reallege paragraphs "1" through "16" as if fully set forth herein.

18.     Under VTL § 1180-d which became effective September 6, 2019, the City of Buffalo was permitted to establish a demonstration program imposing monetary liability on the owner of a vehicle for the failure of the operator to comply with maximum posted speed limits in school speed zones in the City.

19.     The statutory demonstration program prescribed by VTL § 1180-d empowered the City of Buffalo to install photo speed violation monitoring systems within no more than twenty (20) school speed zones in the City.

20.     The aforementioned photo speed violation monitoring system has the technological capacity to detect and record violations of the posted 15 MPH speed limit within school speed zones in the City of Buffalo and photograph vehicles allegedly being operated over the speed limit.

21.     Under Subsections (a) and (c) of VTL § 1180-d, to be authorized for use the photo speed violation monitoring system must be installed in a "school speed zone", which "means a distance not to exceed one thousand three hundred twenty [1,320] feet on a highway passing a school building, entrance or exit of a school abutting on a highway."

{H2878010.1}

7

22.    In order to qualify as a school for purposes of being included in a "school speed zone" where a photo speed violation monitoring system may be installed pursuant to VTL § 1180-d, the subject institution must have the following characteristics:

- It must offer educational instruction to children at the elementary through high school levels;

- It must have an educational curriculum;

- It must have a qualified staff to provide the aforementioned educational objectives; and

- It must have adequate physical facilities to provide the foregoing.

23.    Instead of being a school where educational instruction complying with a curriculum is offered with a qualified staff at the elementary through high school levels, at BNP Academy infants through five-year-olds are enrolled for day care and pre-school childcare services and, as such, it is not a school for purposes of VTL § 1180-d.

24.    The fact that BNP Academy is not a school for purposes of VTL § 1180-d is confirmed by the fact that BNP Academy was not treated as a school for purposes of VTL § 1180-d by the City.

25.    In that regard, on October 6, 2020, Governor Cuomo issued Executive Order 202.68 providing for a "cluster action initiative" under which the New York State Department of Health was to establish restrictions to address the COVID-19 pandemic with varying levels of severity: "yellow zone" being "precautionary", "orange zone" being "moderate severity" and "red zone" being "most severe"; on November 18, 2020, portions of Erie County and the City of Buffalo were designated as "orange zones".

26.    As a result, four (4) schools where photo speed violation monitoring systems were in use pursuant to VTL § 1180-d were closed on November 20, 2020 and

{H2876010.1}

8

the photo speed violation monitoring systems were suspended; however, BNP Academy was not closed and the monitoring system adjacent to BNP Academy remained in use.

27. The foregoing clearly demonstrates that the City does not consider BNP Academy to be a school required to be closed under the Governor's applicable Executive Orders.

28. Furthermore, in accordance with VTL § 1180(c), the authority granted to the City of Buffalo to utilize a photo violation monitoring system in a school speed zone under VTL § 1180-d is expressly limited to the following times:

- [O]n school days during school hours and one hour before and one hour after the school day, and

- [A] period during student activities at the school and up to thirty minutes immediately before and up to thirty minutes immediately after such student activities.

29. "[S]chool days" and "a period of student activities at the school" necessarily contemplate a time period when the school in the school speed zone is in session and children are in attendance for instructional purposes or some other student activities at the school.

30. Inasmuch as BNP Academy is not a school for purposes of VTL § 1180-d, the subject photo speed monitoring system is also being improperly utilized because it is not, and cannot, be utilized "on school days" or "during student activities at [a] school."

31. Since BNP Academy cannot be deemed to be a school being included in a "school speed zone" where a photo speed violation monitoring system may be installed pursuant to VTL § 1180-d, and the subject system is not being used at the times authorized by the aforesaid statute, Notices of Violation issued to the Plaintiff and to all

{H2876010.1}

9

INDEX NO. 801827/2021
RECEIVED NYSCEF: 02/12/2021

Class members for alleged violations detected using the photo speed violation monitoring system on Bailey Avenue adjacent to BNP Academy are illegal, void and unenforceable.

32.     By reason of the foregoing, the Plaintiff and Class members are entitled to a judicial declaration that the Notices of Violation issued by the City of Buffalo under the demonstration program in the aforesaid area and at unauthorized times are illegal, void and unenforceable.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT
### (As Applied, The Statute is Unconstitutional)

33.     The Plaintiff repeats and realleges paragraphs "1" through "32" as if fully set forth herein.

34.     As stated above, as applied to the Plaintiff and Class members to whom Notices of Violation were issued for allegedly driving above the 15 MPH posted speed limit in the school speed zone purportedly including BNP Academy, the Notices of Violation are illegal, void and unenforceable.

35.     The impropriety of the City acting without authority by issuing of illegal Notices of Violation is compounded by the City's conduct of imposing vicarious liability pursuant to illegal Notices of Violation and demanding the payment of fines on owners of vehicles such as the Plaintiff and Subclass members when the vehicles were not driven by the owners, but by persons other than the vehicle owners.

36.     The Fifth and Fourteenth Amendments of the United States Constitution require, *inter alia*, that the Federal and State governments may not deprive any person of life, liberty, and property without due process of law. See *U.S. Const. Amends. V and XIV.*

{H2878010.1}                                        10

Case 1:21-cv-00388-JLS-JJS   Document 1-1   Filed 03/12/21   Page 13 of 23

37.    Substantive Due Process is a form of Due Process recognized by the Supreme Court of the United States and allows Courts to strike down laws that are unreasonable and arbitrary or without relation to the purpose of the legislation. See *Nebbia v. New York*, 281 U.S. 502 (1934).

38.    Because BNP Academy is not a school and is therefore not located in a school speed zone as expressly required by VTL § 1180-d, and since the subject photo speed violation monitoring system is being operated at times not authorized by the aforesaid statute, as applied to the Plaintiff and Subclass members vicariously as owners of the vehicles allegedly being operated by persons other than the vehicle owner, VTL § 1180-d is unreasonable and arbitrary and without relation to the purpose of the legislation.

39.    Therefore, as applied to the Plaintiff and Subclass members to whom liability for illegal Notices of Violation was imposed vicariously, VTL § 1180-d is unconstitutional.

## THIRD CAUSE OF ACTION

## MONEY HAD AND RECEIVED

40.    Plaintiff repeats and realleges paragraphs "1" through "39" as if fully set forth herein.

41.    The City of Buffalo has received and retained monies paid by the Plaintiff and Class members through issuing invalid Notices of Violation demanding the payment of fines.

42.    The City of Buffalo wrongfully received the aforesaid payments from the Plaintiff and Class members and benefited from the receipt of the monies.

43.     Under principles of equity and of good conscience, the City of Buffalo should not be permitted to keep the aforesaid payments and those monies should be immediately refunded to the Plaintiff and Class members.

44.     Accordingly, the Plaintiff and Class members are entitled to a Judgment in the amount of the payments wrongfully received and retained by the City of Buffalo, plus appropriate interest.

## FOURTH CAUSE OF ACTION

## PERMANENT INJUNCTION

45.     Plaintiff repeats and realleges paragraphs "1" through "44" as if fully set forth herein.

46.     As stated above, the City of Buffalo has continuously used the photo speed violation monitoring systems without statutory authorization in an area that does not constitute a school speed zone pursuant to VTL § 1180-d and at times not authorized by the aforesaid statute.

47.     Upon information and belief, the City continues to operate the aforementioned photo speed violation monitoring system in an unauthorized manner and issue invalid Notices of Violation and improperly demand the payment of fines relative to alleged speed violations.

48.     Upon information and belief, unless barred and enjoined by the Court, the City will continue to wrongfully operate the photo speed violation monitoring system and collect fines for illegal Notices of Violation.

{H2878010.1}

12

49.     Money damages are not a complete remedy to the Plaintiff and Class members because without injunctive relief the City will be able to continue the misuse of photo speed violation monitoring systems.

50.     Therefore, the Court should issue a permanent injunction barring and enjoining the City from using the photo speed violation monitoring system in an unauthorized manner by using photo speed violation monitoring systems in an area that does not constitute a school speed zone within the City and at unauthorized times.

WHEREFORE, the Plaintiff and Class members respectfully request the following relief:

(a) A declaration that the Notices of Violation issued by the City of Buffalo pursuant to VTL § 1180-d by the use of a photo speed violation monitoring system in an area that does not meet the definition of "school speed zone" under Section 1180-d(c) of the VTL and at times not authorized by the aforesaid statute are illegal, void and unenforceable;

(b) A declaration that – as applied to the Plaintiff and Subclass members as owners of vehicles for which illegal, void and unenforceable Notices of Violation were issued vicariously – VTL § 1180-d is unconstitutional;

(c) Judgment in favor of the Plaintiff and Class members against the City of Buffalo for all monies paid in response to the illegal Notices of Violation described herein, plus appropriate interest, reasonable attorneys fees and costs of this action; and

(d) A permanent injunction barring the City of Buffalo from the improper use of the photo speed violation monitoring system described herein;

{H2878010.1}

13

(e) Such other and further relief the Court deems proper.

Dated:      February 12, 2021
            Amherst, New York

                                        HOGANWILLIG, PLLC

                              By:       _____
                                        Edward P. Yankelunas, Esq.
                                        *Attorneys for Plaintiff*
                                        2410 North Forest Road, Suite 301
                                        Amherst, New York 14068
                                        Telephone: (716) 636-7600

{H2678210.1}                          14

Exhibit A

FILED: ERIE COUNTY CLERK 02/12/2021 03:53 PM INDEX NO. 801827/2021
NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 02/12/2021

J 2143284 B 7 E 1628 P 1 of 1

# NOTICE OF VIOLATION

## SCHOOL ZONE SAFETY PROGRAM

**Generated on 11/23/2020**

| You may view full color images and video online at: www.viewcitation.com | |
|---|---|
| **Citation Number** 049.0005450921 | **PIN Number** 356427 |

CITY OF BUFFALO
Citations Processing Center, BFLO
PO BOX 7200
Beverly MA 01915

**HOMESTEAD REPAIR& RENOVATION INC**
**2410 N FOREST STE301**
**GETZVILLE, NY 14068**

Please take notice that the vehicle described and pictured herein was detected and recorded by a speed monitoring system exceeding the posted speed limit by at least 11 MPH in violation of Section 1180 of the NYS Vehicle & Traffic Law. The pictured vehicle was traveling at the speed listed below at the place, date and time specified. Therefore, under New York State Law, Section 1180 of the Vehicle & Traffic Law, the registered owner(s) or lessee you are liable for the violation. Unless you request a hearing, a civil penalty in the amount of $50.00 must be paid by the due date shown on this notice.

**PAYMENT OF THE PENALTY AMOUNT FOR THE VIOLATION WILL NOT RESULT IN POINTS ON YOUR LICENSE.**

**WARNING: FAILURE TO PAY THE PENALTY SHOWN, OR TO CONTEST LIABILITY DESCRIBED IN THE NEXT PARAGRAPH IS AN ADMISSION OF LIABILITY AND MAY RESULT IN THE REFUSAL OR SUSPENSION OF THE MOTOR VEHICLE REGISTRATION.**

**FAILURE TO RESPOND BY THE DUE DATE MAY RESULT IN AN ADDITIONAL $25.00 FEE.**

You must pay or contest this citation by the due date noted below.

| Date & Time of Violation | Location of Violation | Camera ID | Vehicle Tag |
|---|---|---|---|
| 11/17/2020 @ 04:49 PM | 3125 Bailey Ave NB @ BPN Academy | 2019080017 | 19712ME |

| Posted Speed | Vehicle Speed | Violation Number | Amount Due | Due Date |
|---|---|---|---|---|
| 15 mph | 38 mph | 049.0005450921 | $50.00 | 12/23/2020 |

Technician Certification:
*Sworn to or Affirmed By:*

173798

Signature ID#

A Public Safety Program of The City of Buffalo
Questions about this Citation? Contact the Citations Processing Center at:
1-855-370-4229 Monday through Thursday 8am - 8pm & Friday 8am - 6pm EST.

(Rev. 5/11/2020)

**Citation Number: 049.0005450921**

| Due Date | Amount Due |
|---|---|
| 12/23/2020 | $50.00 |

Payment is considered an **ADMISSION OF LIABILITY** and waives your right to a hearing. Payment must be received on or before the due date. **US postmark date on envelope shall be payment date.**

☐ **IF YOU WANT TO REQUEST A HEARING:**
Check the box to left, mail this form to the address below.

**Name & Address of Registered Owner**
HOMESTEAD REPAIR& RENOVATION INC
2410 N FOREST STE301
GETZVILLE, NY 14068

**Mail payment to:**
Citations Processing Center, BFLO
PO BOX 7200
Beverly, MA 01915

☐ IF YOU WANT TO PAY THIS CITATION: (Do not send cash.)
1. Place your check or money order for $50.00 (made payable to The City of Buffalo) along with this form in the provided envelope.
2. Pay online at: www.viewcitation.com, or
3. Call 1-855-370-4229 Monday through Thursday 8am - 8pm & Friday 8am - 6pm EST.

00492020122300005000000054509216

Case 1:21-cv-00388-JLS-HKS   Document 1-1   Filed 03/12/21   Page 19 of 23

# WAYS TO CONTEST THIS CITATION
## You may contest this Citation at a Hearing or Provide an Affidavit of Defense



**OPTION 1: PROVIDE AN AFFIDAVIT OF DEFENSE**

On or before the Due Date of this citation, provide the City of Buffalo with the following affidavit (located below) if one of these options apply:

A.  The operator of the vehicle in question was issued a uniform traffic citation from a police officer at the scene for the violation.

B.  The vehicle was sold or ownership transferred prior to the violation occurring.

C.  An affidavit by the vehicle owner stating that the motor vehicle or license plates of the motor vehicle were stolen before the violation occurred and were not under the control or possession of the owner at the time of the violation.

▼ **AFFIDAVIT OF DEFENSE FORM IS PROVIDED BELOW** ▼

is an informal opportunity to contest your notice of violation with a hearing officer. There is no charge for this review process and it is voluntary.

**❶ IN-PERSON HEARING REQUEST**

To request a hearing, do <u>one</u> of the following:

1. Online at www.viewcitation.com. Follow options to contest.

2. Call 1-855-370-4229 to schedule an in-person hearing Monday through Thursday 8am – 8pm & Friday 8am - 6pm EST.

3. Check the box on the front of this notice and mail the form to address provided on the front of this form.

4. Appear in-person at:
Visit the Buffalo Parking Violations Bureau.

65 Niagara Square
Room 111
Buffalo, NY 14202

**OR**

**❷ BY-MAIL HEARING REQUEST**

To contest this citation by mail without being present, download and completely fill out the **Non-Appearance Form** at www.viewcitation.com.

Please mail this form, as well as any additional documentation and/or evidence, by the due date specified on this notice. The form and associated evidence will be presented in your absence.

Citations Processing Center - BFLO
PO BOX 7200, Beverly, MA 01915

**OPTION 2: REQUEST A HEARING**

You have the right to contest this violation at an hearing either in person **❶** or by mail **❷**. It is recommended that you review the details of the **New York State Law, Section 1180 of the Vehicle & Traffic Law**, and the recorded evidence of the violation at www.viewcitation.com before contesting the citation. Following said review, if you believe that you have a valid defense against the violation, you may contest via an Hearing. This

**Please mail affidavit to:** Citations Processing Center - BFLO,  PO BOX 7200, Beverly, MA 01915

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

➤ **AFFIDAVIT OF DEFENSE** ◄

A  ☐ The operator of the vehicle in question was issued a uniform traffic ticket from a police officer at the scene for the violation. (THE FOLLOWING INFORMATION IS REQUIRED): A copy of the uniform traffic ticket.

B  ☐ The vehicle was sold or ownership transferred prior to the violation occurring. (THE FOLLOWING INFORMATION IS REQUIRED): A copy of the signed Bill of Sale.

C  ☐ The vehicle had been reported stolen. (THE FOLLOWING INFORMATION IS REQUIRED): Stole vehicle report, recovery report and insurance payout paperwork.

Police Agency: _____ Report Number: _____

***Please include any applicable evidence or paperwork***

*I declare under penalty of perjury that the foregoing information (and all documentation in support of my defense) is true and correct to the best of my knowledge and ability.*

Signature _____     Date _____     Phone Number _____

_____

**STATE OF** _____     **COUNTY OF** _____

*This instrument was acknowledged before me on* _____ *by* _____ *who is personally known to me or who provided* _____ *as positive identification.*

_____     *My Commission Expires:* _____

*(Signature of Notary Public)*                                        *(MY SEAL):*

## THE AFFIDAVIT MUST BE NOTARIZED OTHERWISE IT WILL NOT BE ACCEPTED.

Exhibit B

FILED: ERIE COUNTY CLERK 02/12/2021 03:53 PM        INDEX NO. 801827/2021
NYSCEF DOC. NO. 3      20-1568 Pridgen, Feroleto, Wyatt - Review and Refund of Invalid School Speed Zone Citations        RECEIVED NYSCEF: 02/12/2021



## The City of Buffalo
## NY

## Agenda Item
## 20-1568



Tabled
Jan 12, 2021 2:00 PM

---

## Pridgen, Feroleto, Wyatt - Review and Refund of Invalid School Speed Zone Citations

## Information

| **Department:** | Common Council | **Sponsors:** | Council President, Ellicott Dist. Council Member Darius G. Pridgen, Delaware District Council Member Joel P. Feroleto, University District Council Member Rasheed N.C. Wyatt |
|---|---|---|---|
| **Category:** | Resolution | | |

## Attachments

Printout

## Body

Whereas        the School Speed Zone Camera program's intention is to curve driver's behavior and provide safety to the students, teachers, and parents;

Whereas         there have been concerns with the rollout of the program, to which this Honorable Body has shared;

Whereas         some members of this Honorable Body have been made aware of School Speed Zone citations that have occurred outside of stated days and hours;

Whereas          these incidents include, but not limited to: violation before school was in session, citations on holidays and when a particular school was closed; and

Whereas          some citizens have taken the initiative to pay the violations without any further recourse or without further penalties: Now, Therefore Be It

*Resolved that The City of Buffalo Common Council-*

1) Requests that the Administration review any issued citations that would have deemed to be invalid, that if paid, be immediately refunded within the next 60 days;

2) Directs the City Clerk to send copies of this resolution to Mayor Brown and the Commissioner of Parking and Traffic.

FILED: ERIE COUNTY CLERK 02/12/2021 03:53 PM INDEX NO. 801827/2021

NYSCEF DOC. NO. 3 20-1568 Pridgen, Feroleto, Wyatt - Review and Refund of Invalid School Speed Zone Citations in the City of Buffalo, RECEIVED NYSCEF: 02/12/2021

Meeting minutes are in draft status until officially approved at the next scheduled meeting.

HOGAN WILLIG, ATTORNEY
Corp/Business Service

SUPREME COURT OF THE
STATE OF NEW YORK :
COUNTY OF ERIE



*131024*

AFFIDAVIT OF SERVICE

Index no : 801827/2021
Date of Purchase:
**02/12/2021**
HOGAN WILLIG,
ATTORNEY
2410 NORTH FOREST
ROAD, SUITE 301
AMHERST, NY 14068
Attorney: EDWARD P.
YANKELUNAS
Office No: WeFile: NO

| Plaintiff(s): | **HOMESTEAD REPAIR & RENOVATION, INC., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** |
| Defendant(s): | **CITY OF BUFFALO** |

STATE OF NEW YORK COUNTY OF ERIE

**ASHLEY CZARNECKI**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of STATE OF NEW YORK.

On **02/23/2021** at **3:57 PM**, I served the within **SUMMONS; CLASS ACTION COMPLAINT; EXHIBITS; ; NOTICE OF ELECTRONIC FILING (MANDATORY CASE)** on **CITY OF BUFFALO** a domestic corporation (one of) the **Defendant(s)** at **1101 CITY HALL, 65 NIAGARA SQUARE, BUFFALO, NY 14202** in the manner indicated below:

By delivering to and leaving personally with **JANET POYDOCK, AUTHORIZED AGENT** a true copy of each thereof.

A description of the **Defendant(s)**, or other person served on behalf of the **Defendant(s)** is as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
|---|---|---|---|---|---|
| Female | Caucasian | Blonde | 36-49 | 5ft9in - 6ft | 131-160 lbs. |
| Other Features: **WEARING FACE COVERING** | | | | | |

Sworn to and subscribed before me on 02/25/2021

X_____
ASHLEY CZARNECKI
Smart Serve Process
1320 French Rd.
Depew, NY 14043
AFF.#: 131024

Brenda J. Geedy
Notary Public, State of New York
No. 01GE6244249
Qualified in Erie County
Commission Expires 7/5/2023

1 of 1