**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**HOMESTEAD REPAIR & RENOVATION, INC.,**
and **BECKY MARINACCIO**, Individually and On
Behalf of All Others Similarly Situated
    Plaintiffs,                                                                          21-CV-388-JLS-HKS

vs.

**CITY OF BUFFALO, BYRON BROWN**, in his
Capacity as Mayor of the City of Buffalo, and
**KEVIN HELFER**, in his capacity as Commissioner
of the City of Buffalo Parking Violations Bureau
and **SENSYS GATSO USA, INC.**
    Defendants.
_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

This is a proposed class action in which plaintiffs seek a declaratory judgment that the City of Buffalo's use of a photo speed violation monitoring system in a certain area was illegal and unconstitutional. Dkt. #15, ¶¶ 1, 31-65. Plaintiffs also allege a claim for unjust enrichment based on the fines collected by the City pursuant to the system. Dkt. #15, ¶¶ 66-71.

Currently before the Court are cross motions for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. ## 40, 41, 42. For the following reasons, it will be

recommended that plaintiffs' motion for summary judgment be denied and that defendants' motion for summary judgment be granted.

## **BACKGROUND**

In January 2019, the New York State Legislature introduced a bill "to allow the city of Buffalo to implement a pilot program for a speed violation camera monitoring system in school speed zones." Dkt. #41-4, p. 1. The bill became law effective September 6, 2019 as New York Vehicle and Traffic Law § 1180-d ("VTL § 1180-d"). Dkt. #41-4, pp. 4-10.

This law authorized the City to operate cameras in no more than twenty school speed zones during certain times relating to school attendance and activities. Dkt. #41-4, p. 4. It further provided that an infraction would occur where a vehicle was travelling more than ten miles an hour above the posted speed limit in the school zone. Dkt. #41-4, p. 6. The penalty for an infraction was $50.00. Dkt. #15-1, p. 2.

The law made vehicle owners vicariously liable for speeding violations by a driver who was using the vehicle with the owner's permission. Dkt. #41-4, p. 6. However, the statute provided that the owner would not be liable if the person driving did not have the owner's consent, and it permitted the owner to seek indemnification from the driver. VTL §§ 1180-d(l)(1), (l)(2).

Further, while the law defined "school speed zone" as a "distance not to exceed one thousand three hundred twenty feet" from a school building, entrance or exit, it did not define the term "school." Dkt. #41-4, p. 6.

The City contracted with defendant Sensys Gatso USA, Inc. ("Sensys") to perform services in connection with the speed camera program, and Sensys received $14.00 for each paid citation as compensation. Dkt. #41, p. 2.

One location of the new speed camera program was the Buffalo Promise Neighborhood Academy ("BPN Academy") at 3149 Bailey Avenue, on the corner of Bailey Avenue and East Amherst Street. Dkt. #15, ¶ 19. The BPN Academy provides daycare and pre-school childcare services to infants through five-year-olds. Dkt. #15, ¶ 20.

The speed camera program launched in January 2020 with a six-week warning period. Dkt. #41-5, p. 3. The program briefly went live in March 2020, was halted during the COVID-19 pandemic, and resumed in October 2020. Dkt. #41-5, p. 3.

Plaintiff Homestead Repair & Renovation is the owner of a vehicle that was issued a Notice of Violation for an alleged speeding infraction caught by the camera at the BPN Academy on November 17, 2020. Dkt. #15, ¶¶ 11-14; Dkt. 15-1. The notice stated that the vehicle was travelling at 38 mph in a 15-mph speed zone. *Id.*

The notice further stated: "Warning: Failure to pay the penalty shown, or to contest liability described in the next paragraph is an admission of liability and may result in the refusal or suspension of the motor vehicle registration." Dkt. #15-1, p. 2.

Plaintiff Becky Marinaccio ("Marinaccio") also received a Notice of Violation stating that her vehicle had been photographed speeding in the BPN speed zone on December 3, 2020. Dkt. #15, ¶¶16-18. At the time, the vehicle was being driven by Marinaccio's father. Dkt. #15, ¶ 18.

Plaintiffs filed suit on February 12, 2021 in Erie County Supreme Court. Dkt. #1-1, pp. 2-16. Defendants removed the case to this Court on March 12, 2021, invoking the Court's federal question jurisdiction. Dkt. #1.

Plaintiffs' Second Amended Class Action Complaint alleges three causes of action: (1) a declaratory judgment that that the Notices of Violation issued in the school speed zone operated at BPN Academy were illegal, void, and unenforceable, Dkt. #15, ¶¶ 31-57; (2) a declaratory judgment that the Notices of Violation issued to plaintiffs who were not operating their vehicles at the time of the speeding offenses violated plaintiffs' substantive due process rights, Dkt. #15, ¶¶ 58-65; and (3) unjust enrichment.

On or about May 25, 2021, the City of Buffalo repealed and discontinued use of the speed camera program in school zones. Dkt. #15, ¶ 56.

## **DISCUSSION AND ANALYSIS**[1]

### **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party."  *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise."  *Bryant*, 923 F.2d at 982 (internal citations omitted).   A party seeking to defeat a motion for summary judgment

---

[1] Defendant Sensys joins in the City's motion for summary judgment, as well as the City's other memoranda. Dkt. ##42, 46, 49.

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

### *Applicable Regulations*

Section 1680(a) of the New York State Vehicle and Traffic law requires that the state "department of transportation shall maintain a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state." VTL § 1680(a). The statute further provides that the National Manual on Uniform Traffic Control Devices ("MUTCD"), promulgated by the Federal Highway Administration, "shall constitute such state manual and specifications" unless its provisions conflict with supplements promulgated by the New York commissioner of transportation. *Id.*

Such a supplement, known as the New York State Supplement to the National Manual on Uniform Traffic Control Devices for Streets and Highways—2009 Edition, was promulgated in 2009 as 17 NYCRR Chapter V. Dkt. #41-1.

"In some cases, there may be a conflict with material presented in the MUTCD and the New York State Supplement. When that occurs, the New York State Supplement is controlling, and the information provided in the New York State Supplement is meant to supersede the information found in the appropriate sections of the MUTCD." 17 NYCRR ch. V, Intro; Dkt. #41-1, p. 12.

Section 7B.15 of the New York Supplement provides that a school speed zone may be established where: (1) the facility is a school; (2) some of the children walk or bicycle to or from the facility, or the facility and related areas are separated by a highway and the children must cross the highway on foot; and (3) the facility and jurisdiction responsible for the highway provide written documentation of their support for a school speed limit. Dkt. #41-1, p. 164.

### *First Cause of Action*

Plaintiffs first allege that the speed camera system used at the BPN Academy location was illegal because the facility was not a "school" for purposes of VTL § 1180-d. Dkt. #15, ¶¶ 31-44; Dkt. #40-1, pp. 5-6. Plaintiffs are mistaken.

Part 7 of the New York Supplement, titled "Traffic Control for School Areas," contains regulations regarding pedestrian and vehicle traffic in school zones. Dkt. #41-1, pp. 161-168. Section 7B.15 specifically incorporates the definition of "school" from another portion of the New York Supplement:

> A school is considered to be every place of academic, vocational or religious services or instruction for persons under the age of 21 years, except places of higher education. ***It shall include every child care center***, every institution for the care or training of the mentally or physically handicapped; and every day camp. (17 NYCRR 720.1(s))

Dkt. #41-1, p. 163 (emphasis added).

Plaintiffs argue that this definition of "school" is limited to the section from which it is borrowed, but the Court finds this assertion to be without merit. It is apparent

from the face of this provision that this regulatory cross-reference was intentional, as evidenced by the citation, and plaintiffs offer no authority for their novel argument.

This conclusion is reinforced by the May 4, 2021 letter from the City's Parking Enforcement Division to then-Governor Cuomo reporting on the progress of the City of Buffalo School Zone Safety Program for 2020. Dkt. #41-5. In discussing reduced school zone speed limits, the report states:

> A school is considered to be every place of academic, vocational or religious services or instruction for persons under the age of 21 years, except places of higher education. ***Pursuant to Title 17, Section 720.1(s) of the New York Codes, Rules and Regulations, the term "school" shall include every child care center***, every institution for the care or training of the mentally or physically handicapped; and every day camp.

Dkt. # 41-5, p. 6.

Plaintiffs also argue that the BPN Academy was not a "school" because none of the children who attended the academy walked or bicycled to the facility, and none had to cross Bailey Avenue to reach the academy. Dkt. #40-1, p. 6. Plaintiffs submit an affidavit from James L. Minner in support of this argument. Dkt. #40-13.

Defendants note that this affidavit does not explain who Mr. Minner is, but they state that a Google search revealed that he is a paralegal at plaintiffs' counsel's law firm. Dkt. #44, p. 4. Defendants also argue that this affidavit should be excluded because plaintiffs never identified Mr. Minner as a witness.

The Court need not consider these challenges because it concludes that Mr. Minner's affidavit raises no triable issue of fact and does not support plaintiffs' first cause of action.

Referencing the three-part regulatory definition of "school" discussed above, Mr. Minner states only that children arriving at the BPN Academy did not walk or bicycle to the facility *by themselves*, but rather that they were accompanied by adults. Dkt. #40-13, ¶ 5(b). Plaintiffs repeat this theory in their brief in opposition to defendants' motion for summary judgment, arguing that the second prong of Section 7B.15 of the New York Supplement—permitting the establishment of a school speed limit—requires that children must be alone when walking or cycling to the facility. Dkt. #45, pp. 5-8.

Plaintiffs' argument finds no support in this regulation, which requires only that "[s]ome of the children walk or bicycle to or from the facility." Dkt. #41-1, p. 164. This language does not preclude the children being accompanied by adults. The Court thus rejects plaintiffs' proposed interpretation that would add language to the regulation. *See Little Sisters of the Poor Saints and Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2381 (2020) ("It is a fundamental principle of statutory interpretation that absent provisions cannot be supplied by the courts.") (citations and internal quotation marks omitted).

Moreover, defendants submitted an affidavit from Vanessa Clay, a school crossing guard at the BPN Academy, in which she avers that she has assisted children and their families in crossing both Bailey Avenue and East Amherst Street on their way to and from the BPN Academy. Dkt. #41-2. This unrebutted testimony further supports

defendants' argument that the regulatory definition of "school" was satisfied at the time school speed camera was used at the BPN Academy.

Finally, plaintiffs argue that the City did not satisfy the third prong of Section 7B.15 by showing written documentation of the school's support for a school speed limit. Dkt. #45, pp. 8-9. Plaintiffs are incorrect.

In discovery, defendants produced a letter dated March 13, 2020, from the BPN Academy's CEO to the City of Buffalo Common Council expressly stating the school's support for the school speed zone cameras. Dkt. #44-3, pp. 12-14.

Moreover, in their Statement of Facts pursuant to Loc. R. Civ. P. 56(a)(1), defendants averred: "BPN Academy supported the school zone safety program established at their school." Dkt. #41, p. 6. Plaintiffs did not submit an opposing statement in compliance with this local rule, and defendants' averment is thus admitted. Loc. R. Civ. P. 56(a)(2).

The Court thus concludes that, as a matter of law, the BPN Academy was a "school" for purposes of VTL § 1180-d and that the school speed camera program was not illegal. It will therefore be recommended that plaintiffs' motion for summary judgment on this claim be denied and that defendants' motion for summary judgment be granted.

### *Second Cause of Action*

Plaintiffs' second claim alleges a violation of plaintiffs' substantive due process rights Dkt. #15, ¶¶ 58-65.

However, plaintiffs' motion for summary judgment was directed only at their first and third causes of action. Dkt. #40-1, pp. 3, 8. Moreover, while defendants' motion for summary judgment addressed all claims, plaintiffs did not oppose the motion as to their substantive due process claim.

Nonetheless, the Court has reviewed the record and concludes that defendants are entitled to summary judgment on this claim.

"A substantive due process claim requires plaintiff to (1) identify the constitutional right at stake and (2) demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Thomas v. Town of Lloyd*, 1:21-CV-1358, 2024 WL 118939, at *8 (N.D.N.Y. Jan. 11, 2024) (citation omitted).

To the extent that plaintiffs premise this claim on the alleged unlawfulness of the school speed camera program at the BPN Academy, Dkt. #15, ¶¶ 59, 63, it fails for the reasons discussed above.

Plaintiffs also allege that the vicarious liability component of VTL § 1180-d is unreasonable and arbitrary. Dkt. #15, ¶ 63. However, courts have rejected such

substantive due process claims on the reasoning that such vicarious-liability provisions are "rationally related to improving traffic safety by encouraging vehicle owners to drive more safely and to take greater care with whom they entrust their vehicles." *Gardner v. City of Cleveland*, 656 F. Supp.2d 751, 761 (N.D. Ohio 2009). *See also Krieger v. City of Rochester*, 42 Misc.3d 753, 771-74 (Sup. Ct., Monroe County 2013) (rejecting substantive due process challenge to vicarious-liability provision of red-light camera law).

Finally, plaintiffs allege that the fact that the Notices of Violation treat the recipient's failure to pay the penalty or contest liability as an admission of guilt violates the owner's due process rights because the notices are mailed by first-class mail only, with no verification of receipt. Dkt. #15, ¶ 64.

However, courts routinely hold that first-class mail is reasonably calculated to confer actual notice on recipients in accord with due process. *See, e.g., Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146-47 (4th Cir. 2014) (collecting cases and holding that town's use of first-class mail to send notice to motorists of speed-camera violations did not violate due process).

For these reasons, it will be recommended that defendants' motion for summary judgment be granted as to plaintiffs' second cause of action.

**Third Cause of Action**

"Under New York law, to make a claim for unjust enrichment, a plaintiff must allege that: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good

conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Leder v. Am. Traffic Solns., Inc.*, 81 F. Supp.3d 211, 227 (E.D.N.Y. 2015) (citations and internal quotation marks omitted).

Plaintiffs' unjust enrichment claim is premised on their allegations that the speed camera at the BPN Academy was unlawful and that fines collected by the City pursuant to its use should be returned. Dkt. #15, ¶¶ 66-71. However, the Court has already concluded that the speed camera program was lawful.

It will thus be recommended that defendants' motion for summary judgment be granted as to plaintiff's unjust enrichment claim and that plaintiffs' motion for summary judgment be denied.

## **CONCLUSION**

For the foregoing reasons, it is recommended that plaintiffs' motion for summary judgment be denied and that defendants' motion for summary judgment be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:	Buffalo, New York
	February 21, 2024

              <u>s/ H. Kenneth Schroeder, Jr.</u>
              **H. KENNETH SCHROEDER, JR.**
              **United States Magistrate Judge**