UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————————

HOMESTEAD REPAIR &
RENOVATION, INC., and BECKY
MARINACCIO, individually and on
behalf of all others similarly situated,

    Plaintiffs,

  v.

CITY OF BUFFALO, BYRON W.
BROWN, in his capacity as Mayor of
the City of Buffalo, KEVIN HELFER,
in his capacity as Commissioner of the
City of Buffalo Parking Violations
Bureau, and SENSYS GATSO USA,
INC.,

    Defendants.

21-CV-388 (JLS) (HKS)

———————————————————————

## DECISION AND ORDER

In this putative class action, Plaintiffs challenge the use of a photo speed monitoring system in a school zone designated for Buffalo Promise Neighborhood Academy ("BPN Academy"). *See* Dkt. 15. The operative Complaint (Dkt. 15), which seeks declaratory judgment and other relief, names the following Defendants: City of Buffalo, Byron W. Brown (in his capacity as Mayor of the City of Buffalo), Kevin Helfer (in his capacity as Commissioner of the City of Buffalo Parking Violations Bureau) (collectively, the "City Defendants"), and Sensys Gatso USA, Inc. ("Sensys"). *See* Dkt. 15.

Defendants removed the case from state court on March 12, 2021. Dkt. 1. This Court then referred the case to United States Magistrate Judge H. Kenneth Schroeder for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

Before the Court are cross-motions for summary judgment. *See* Dkt. 40 (Plaintiffs); Dkt. 41 (the City Defendants); Dkt. 42 (Sensys). The parties filed their respective motions on April 18, 2023, *see id.*, and briefing followed. *See* Dkt. 44-49. On February 21, 2024, Judge Shroeder issue a Report, Recommendation, and Order ("R&R") recommending that this Court grant Defendants' motions (Dkt. 41, 42), and deny Plaintiffs' motion (Dkt. 40). *See id.*

Plaintiffs objected to the R&R. Dkt. 56. They argue that Judge Schroeder incorrectly concluded that: (1) BPN Academy was a "school" for purposes of the relevant statue; (2) no violation of Plaintiffs' substantive due process rights occurred; and (3) there is no basis for a claim for unjust enrichment. *See id.* Plaintiffs argue, in the alternative, that they are entitled to a trial. *See id.* Defendants opposed the objections, Dkt. 60, 61, and Plaintiffs replied. Dkt. 64.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation. For the reasons above and in the R&R, Plaintiff's [40] motion is DENIED, and Defendants' [41, 42] motions are GRANTED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:    June 26, 2024
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE